**Bonnie M. CARSEY, Plaintiff— Appellant,**

v.

**TOWN OF WILKESON, a municipal corporation; Richard L. Sellers, Sr., in his individual capacity, Defendants—Appellees.**

No. 02–35433.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided June 19, 2003.

Before: HUG, B. FLETCHER, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Bonnie Carsey sued the Town of Wilkeson and its mayor, Richard Sellers, for retaliatory discharge on both state and federal grounds. A jury found in the defendants' favor, and Carsey appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

█ Carsey challenges the district court's jury instruction permitting the defendants to escape liability if they proved an overriding justification under Washington law for terminating Carsey's employment. Even were we to assume that the instruction improperly stated Washington law, such error is not a basis for reversal. The challenged instruction placed a heavier legal burden on the defendants than the instructions proposed by Carsey. Accordingly, any error was more probably than not harmless. *See Haddad v. Lockheed California Corp.,* 720 F.2d 1454, 1459 (9th Cir.1983) ("[W]hen an appellate court ponders the probable effect of an error on a civil trial, it need only find that the jury's verdict is more probably than not untainted by the error.").

█ In addition, the district court did not abuse its discretion in declining to give Carsey's special interrogatories or her instructions regarding Washington public policy on witness tampering and intimidation. Submission of special interrogatories is a matter within the district court's discretion; no grounds for reversal are presented here. Fed.R.Civ.P. 49(b); *see also Acosta v. County of San Francisco,* 83 F.3d 1143, 1149 (9th Cir.1996). With regard to the jury instructions, Carsey did not present any evidence from which the jury could infer that the Town or Mayor Sellers had attempted to tamper with or intimidate a witness in violation of RCW §§ 9A.72.110 and 9A.72.120. *See Thompson v. St. Regis Paper Co.,* 102 Wash.2d 219, 685 P.2d 1081, 1089 (Wash.1984) ("In determining whether a clear mandate of public policy is violated, courts should inquire whether the employer's conduct contravenes the letter or purpose of a constitutional, statutory, or regulatory provision or scheme." (citation and internal quotation marks omitted)).

**AFFIRMED.**

█

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Carsey's motion for judicial notice of briefing filed in the Washington state courts is denied.

